```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, et al.,           :
                                              :   25-MC-137 (GHW) (RWL)
                          Petitioners,        :
                                              :
          - against -                         :   REPORT AND RECOMMENDATION
                                              :   TO HON. GREGORY H. WOODS:
                                              :   MOTION TO TRANSFER
CHARLES DENG, L.ac and CHARLES                :
DENG ACUPUNCTURE, P.C.,                       :
                                              :
                          Respondents.        :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, UNITED STATES MAGISTRATE JUDGE**

On March 27, 2025, Petitioners Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, and Allstate Property and Casualty Insurance Company, filed a Motion to Compel Compliance with subpoenas by Respondents Charles Deng L.ac and Charles Deng Acupuncture, P.C. Specifically, the motion seeks compliance with subpoenas *duces tecum* issued pursuant to Federal Rule of Civil Procedure 45 with respect to an action pending in the United States District Court for the Eastern District of New York, *Allstate Insurance Co. et al. v. Rybak, et al.*, No. 22-CV-4441 (SJB) (the "EDNY Action"). Respondents initially were named as defendants in the EDNY Action but were dismissed pursuant to stipulation. (Dkt. 3-2.) Respondents provided a partial response to the subpoenas, but have not cured, and have ignored requests to cure, numerous alleged deficiencies identified by Petitioners. (Dkt. 3 ¶¶ 11-13.) Respondents have not filed any opposition to the motion, requested an extension of time to respond, or otherwise appeared.

The motion seeks alternative relief: either transfer of this motion to the Eastern District of New York so the motion can be considered by the District Judge presiding over

1

the EDNY Action, or granting the motion to compel. Even though the subpoenas issued out of the Eastern District, they require compliance in the Southern District of New York. Petitioners thus filed their motion to compel in this District, consistent with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) (providing that to compel compliance with subpoena to produce materials, the serving party may move to do so in the district where compliance is required). In scenarios such as this – where the subpoena to be enforced was issued in another district – the rules of procedure permit transfer of the motion to compel to the issuing court if either "the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see F.D.I.C. v. Everest Reinsurance Holdings, Inc.*, No. 13-MC-381, 2014 WL 260589, at *3 (S.D.N.Y. Jan. 23, 2014) ("While judges within this District had transferred motions to compel even before this change took effect, the new Rule 45(f), and the comments thereto, clearly permit and encourage such action") (citation omitted).

The advisory committee note to Rule 45(f), as amended in 2013, states that the "prime concern" is to "avoid[ ] burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. As the Second Circuit has acknowledged, however, "[i]n some circumstances ... transfer may be warranted … in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *American Plan Administrators v. South Broward Hospital District*, 39 F.4th 59, 60 (2d Cir. 2022) (first and second alterations in original) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment). "Rule 45(f) [is] primarily focused on avoiding

2

piecemeal litigation." *Id.* at 61.

Here, Respondents have not opposed the motion to transfer, which could be construed as implicit consent. Regardless, exceptional circumstances warrant transfer of the motion. The EDNY Action has been pending since July 2022 and has been handled by Judge Sanket J. Bulsara since September 2022 (first as Magistrate Judge, then as District Judge). The action, set forth in a 218-page complaint, is a complex RICO case, alleging an elaborate scheme of orchestrating and filing fraudulent automobile insurance medical claims. (*See* EDNY Action Dkt. 1.) Judge Bulsara has already, inter alia, ruled on motions to quash (*e.g.*, EDNY Action Dkt. 113), extensions of discovery (EDNY Action Dkts. 105, 117), and a motion to dismiss (EDNY Action Dkt. 115). The latest deadline for fact discovery is May 15, 2025 (EDNY Action entry 12/26/2024), and a motion to extend the time for discovery is pending (EDNY Action Dkt. 118). The motion to compel comes after Respondents complied in part but did not cure, or even respond to Petitioners' request to cure, what Petitioners claim are insufficiencies in need of further production of documents. In short, Judge Bulsara is best suited to determine the instant motion, particularly given the complexity of the case, the posture of the case, and the discovery issues already raised and continuing to develop. Transfer will promote judicial economy, efficiency, and consistency.

These circumstances are exactly the type that warrant transfer. *Roswell Park Comprehensive Cancer Center v. Grand'Maison*, No. 23-MC-243, 2024 WL 21935, at *2 (S.D.N.Y. Jan. 2, 2024) (transferring motion to compel to Western District of New York, and stating that "[s]ubpoena-related motions are often transferred where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and

3

the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule[,] … and where the interests of justice and judicial efficiency are best served by transfer") (internal quotation marks, alterations, and citations omitted); *Hilb Group of New York, LLC v. Associated Agencies, Inc.*, No. 23-MC-264, 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (noting that "Courts in this District have transferred similar motions to the issuing court where the issuing court is best-positioned to address the subpoena dispute given the nature of the dispute and the posture and complexity of the underlying action, where the issuing court has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency") (internal quotation marks omitted) (quoting *Full Circle United, LLC v. Bay Tek Entertainment, Inc.*, 581 F. Supp.3d 523, 525 (S.D.N.Y. 2022)); *Drummond Co. v. VICE Media LLC*, No. 21-MC-859, 2022 WL 445681, at *3 (S.D.N.Y. Feb. 14, 2022) (transferring motion to compel because discovery was complicated and the court adjudicating the complex underlying action had already ruled on related discovery issues and was familiar with the facts of the action and their relation to the subpoena).

That is all the more so given that the Eastern District of New York is immediately adjacent to the Southern District, thus minimizing any inconvenience to Respondents. Respondents have not raised any objection that would suggest they would incur any prejudice or burden by transfer, and the Court does not discern any. Indeed, courts in this District have frequently transferred motions to compel filed in this District that concern compliance with Rule 45 subpoenas issued from the Eastern District. *See, e.g.*, *Hilb Group of New York*, 2023 WL 5183690, at *2; *Full Circle United*, 581 F. Supp.3d at 525; *Jackson-Mau v. Nature's Bounty Co.*, No. 21-MC-3, 2021 WL 619726, at *1 (S.D.N.Y.

4

Jan. 12, 2021).

Accordingly, Petitioners' motion should be transferred to the Eastern District of New York.

## DEADLINE FOR OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Any party shall have fourteen (14) days to file a written response to the other party's objections. Any such objections and responses shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Gregory H. Woods, United States Courthouse, 500 Pearl Street, New York, New York 10007, and to the Chambers of the undersigned, at United States Courthouse, 500 Pearl Street, New York, New York 10007. Any request for an extension of time for filing objections must be addressed to Judge Woods. **Failure to file timely objections will result in a waiver of the right to object and will preclude appellate review**.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  April 21, 2025
        New York, New York

5